UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCNEALLY, AU2324,<br>　　　　　Petitioner,<br>　　v.<br>C. KOENIG, Warden,<br>　　　　　Respondent. | Case No. 21-cv-01161-CRB  (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>(ECF No. 2) |

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from Contra Costa County Superior Court. He also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner was convicted by a jury of kidnapping for sexual purposes as well as several other sexual offenses and related enhancements. On July 25, 2014, he was sentenced to 82 years to life in state prison.[1]

Petitioner unsuccessfully appealed his conviction and sentence to the California Court of Appeal and to the Supreme Court of California. He also unsuccessfully sought habeas corpus relief from the state courts until the Supreme Court of California denied his final state habeas petition on August 12, 2020.

Petitioner filed the instant federal habeas petition on February 17, 2021.

---

[1] Petitioner's co-defendant, Derrick Wade, was similarly convicted by the jury but was sentenced to 100 years to life in state prison. Wade's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 is pending before Judge Donato. See Ware v. Koenig, No. 21-cv-01069-JD (PR) (N. D. Cal. filed Feb. 11, 2021).

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Claims</u>

Petitioner seeks federal habeas corpus relief by raising ten general claims: (1) the prosecution failed to disclose favorable/impeachment evidence; (2) the trial court erred in ruling that the prosecution had met its discovery and disclosure obligations; (3) the trial court obstructed trial counsel's performance; (4) petitioner was forced to wear restraints in the presence of jurors; (5) the trial court unfairly bolstered the victim's credibility by giving erroneous jury instructions; (6) the trial court erred when it instructed the jury that the victim could not consent to her movement if she was intoxicated; (7) the trial court erred when it admonished the jury regarding petitioner's shackling by giving an erroneous jury instruction; (8) the trial court erred in declining to inquire from the jurors who observed petitioner in shackles and heard a deputy district attorney discussing the case; (9) juror misconduct by at least one juror who acknowledged reading a newspaper article about the case; and (10) improper exclusion of expert testimony sought by the defense. Liberally construed, the claims appear arguably cognizable under § 2254 and merit an answer from respondent. See <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe <u>pro se</u> petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed IFP (ECF No. 2) is GRANTED.

2. The clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email

2

1  address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The clerk shall serve by mail a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

**IT IS SO ORDERED**.

Dated: May 24, 2021

_____
CHARLES R. BREYER
United States District Judge